IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER J. FUCHS, JR., ) | |
|     Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 10-998 |
| ) | |
| CITY OF FARRELL, et al., ) | |
|     Defendants. ) | |

O R D E R

Plaintiff, Peter J. Fuchs, Jr., filed this civil rights action pro se on July 30, 2010, alleging that Defendants (the City of Farrell, Southwest Regional Police Department, Chief of Police Riley Smoot, Officer Erik Gatewood, Sergeant Andrew Thomas and Officer Tedesco) arrested him on August 1, 2008, detained him for 31 hours during which they verbally taunted him, threatened him and subjected him to excessive force, then released him to a hospital where he was diagnosed with a serious mental condition (that they failed to recognize and treat during his detainment) and hospitalized for 11 days. Recently, Plaintiff has been seeking to have his parents, in particular his father, Peter J. Fuchs, Sr., act as his attorney herein, pursuant to a power of attorney. Defendants have now filed a motion to preclude Plaintiff from litigating his claims though persons not authorized to engage in the practice of law.

Under federal law, a party may represent himself in court. 28 U.S.C. § 1654. However, this provision is personal to the litigant and does not extend to other parties or entities. A power of attorney does not alter this result. In re Radogna, 331 Fed. Appx. 962, 964 (3d Cir. May 21, 2009). In addition, under Pennsylvania law, the Superior Court has held that a power of attorney, which states that an attorney-in-fact may be empowered by his principal to "pursue claims and

litigation," 20 Pa. C.S. § 5602(a)(2), does not overrule the statutory prohibition against the unauthorized practice of law, 42 Pa. C.S. § 2524. <u>Kohlman v. Western Pa. Hosp.</u>, 652 A.2d 849, 852 (Pa. Super. 1994), <u>appeal denied</u>, 663 A.2d 692 (Pa. 1995). The individual holding the power of attorney acts as an agent in making various decisions over financial and personal matters for the principal, but may not act as an attorney-at law. <u>Leyfert v. Commonwealth of Pa. House of Representatives</u>, 2005 WL 3433995, at *3 (E.D. Pa. Dec. 13, 2005).

AND NOW, this 20th day of June, 2011,

IT IS HEREBY ORDERED that Defendants' Motion to Preclude Plaintiff, Proceeding Pro Se, From Litigating His Claims Through Persons Not Authorized To Engage in the Practice of Law (Docket No. 38) is granted and that Plaintiff shall communicate directly with counsel for Defendants and shall not authorize or employ third parties who are not attorneys-at-law to act or speak as his legal representative in this case.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: Peter J. Fuchs, Jr.
8 Chestnut Street
West Middlesex, PA 16159