IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER J. FUCHS, JR., )
        Plaintiff, ) Judge Conti
) Magistrate Judge Mitchell
vs ) Civil Action No. 10-998
)
CITY OF FARRELL, et al., )
        Defendants. )

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion for sanctions (ECF No. 62) filed by the Defendants be granted and that this case be dismissed for Plaintiff's failure to comply with Defendants' discovery requests and this Court's order with respect thereto.

II.    Report

Plaintiff, Peter J. Fuchs, Jr., filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on July 30, 2010 against Defendants, the City of Farrell, Southwest Regional Police Department, Chief of Police Riley Smoot, Officer Erik Gatewood, Sergeant Andrew Thomas and Officer Tedesco. Plaintiff alleges that Defendants arrested him on August 1, 2008, detained him for 31 hours during which they verbally taunted him, threatened him and subjected him to excessive force, then released him to a hospital where he was diagnosed with a serious mental condition (that they failed to recognize and treat during his detainment) and hospitalized for 11 days. He alleged that these actions deprived him of his rights under the Fourth, Eighth and Fourteenth Amendments to the Constitution.

On February 14, 2011, Defendants filed a motion to dismiss (ECF No. 28). On May 4, 2011, the Court entered an order (ECF No. 34) which adopted a Report and Recommendation

that had been filed on April 7, 2011 (ECF No. 33) and granted the motion with respect to Counts I, III, V, VI and the excessive detainment claim in Count IV, but denied it with respect to Count II and the inadequate medical care claim in Count IV.

Defendants filed an answer to the complaint (ECF No. 35) and a Rule 16.1 Scheduling Conference was scheduled. On June 17, 2011, Defendants filed a motion to preclude Plaintiff from litigating his claims through persons not authorized to engage in the practice of law (ECF No. 38), which was granted on June 20, 2011 (ECF No. 39). The Rule 16.1 Conference took place on June 28, 2011 (ECF No. 41).

The Court appointed counsel for the purpose of ADR only (ECF No. 45) and referred the case to a mediator who agreed to waive Plaintiff's portion of the fee (ECF No. 46). On September 29, 2011, a mediation occurred, but it was unsuccessful (ECF No. 50).

On November 30, 2011, Defendants filed a motion to compel (ECF No. 54), in which they indicated that Plaintiff had failed to comply with their discovery requests. The Court granted this motion on December 1, 2011 and ordered that Plaintiff provide his responses by December 12, 2011. On December 12, 2011, Plaintiff filed a "Motion to Delay Discovery, Motion for Hearing on Defendant's Possession of HIPPA Guarded Information Prior to Discovery" (ECF No. 55), to which Defendants responded on December 22, 2011 (ECF No. 57). On December 27, 2011, the Court denied Plaintiff's motion.

On January 4, 2012, Defendants filed a motion for sanctions and extension of Case Management deadlines (ECF No. 58), in which they indicated that Plaintiff still had failed to respond to their discovery requests. A hearing was scheduled for January 20, 2012 (ECF No. 59). On that date, Plaintiff called in to say that he was unable to attend the hearing because of bad weather and he was permitted to participate in the proceeding by phone. The Court ordered

Plaintiff to file answers to Defendants' interrogatories and requests for production of documents and sign authorizations by January 31, 2012 and extended discovery to March 31, 2012 (ECF No. 61). The Court cautioned Plaintiff that, if he failed to provide responses to Defendants' discovery requests by January 31, 2012, sanctions would be imposed and his case might be dismissed. Plaintiff stated that he understood.

On February 13, 2012, Defendants filed a second motion for sanctions (ECF No. 62). They indicated that Plaintiff had still not responded to their discovery requests and asked that the Court dismiss this case as a sanction. On February 14, 2012, the Court entered an order for Plaintiff to show cause by February 28, 2012 why Defendants' motion should not be granted. To date, Plaintiff has submitted no response to the order to show cause.

On March 22, 2012, Defendants' counsel submitted an affidavit in support of the motion for sanctions, in which she indicates that Plaintiff did not submit any form of response to the discovery requests until February 16, 2012; that on February 16, 2012 she received handwritten, unverified, undated responses to Defendants' interrogatories; that Plaintiff failed to provide any response to Interrogatory No. 9 and all of its subparts, which sought information regarding Plaintiff's medical conditions and treatment prior to the date of his arrest including his treatment for substance abuse addiction and/or other psychological issues which are highly relevant to Plaintiff's claim that Defendants were deliberately indifferent to his alleged serious medical needs and his claimed damages and injuries; that in responding to Interrogatory No. 7, which requested information about his treatment for injuries allegedly suffered following the date of his arrest and incarceration, he referred to an attachment to his discovery responses when no such attachment existed; that several of his responses are illegible and that when asked to identify witnesses he failed to provide addresses or other sufficient identifying information as requested;

that he provided no response to the request for production of documents; that counsel asked him to provide the missing information and he agreed to remedy the deficiencies but to date he has not done so, nor has he requested an extension of time in which to do so. (ECF No. 64 ¶¶ 1-8.) Counsel indicates that Plaintiff's failure to provide these discovery responses and to otherwise cooperate in the discovery phase of the litigation has resulted in an inordinate waste of time and resources and unjustifiable expense to Defendants (including the time and expense of preparing three motions which have been needed to extract the minimal and insufficient responses provided by Plaintiff to date); that this conduct has also necessitated the delay of Plaintiff's deposition as counsel does not wish to depose him prior to obtaining responses to written discovery; and that she believes Plaintiff's conduct has been deliberate, ongoing and unjustified, warranting the requested sanction of dismissal. (Id. ¶¶ 9-11.)

Dismissal as sanction

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party, the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an

analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed. Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders which weigh heavily against him. Such compliance was not only Plaintiff's sole personal responsibility, Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), but his continued failure to submit sufficient responses to Defendants' discovery requests even after the Court ordered him to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor—the prejudice caused to the adversary by the plaintiff's failure to comply with this Court's orders—Defendants assert that they have been prejudiced in their ability to prepare a defense to the claims asserted by Plaintiff in this action. The Court has informed Plaintiff that he chose to file and pursue this litigation and he is obligated to follow the procedures set forth in the Federal Rules of Civil Procedure and this Court's orders.

Factor No. 6—the meritoriousness of the claim—will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Emerson, 296 F.3d at 191. Thus, dismissal appears to be the most appropriate action for this Court to take since no other sanctions will serve justice.

For the reasons cited above, it is recommended that the motion for sanctions (ECF No. 62) filed by the Defendants be granted and that this case be dismissed for Plaintiff's failure to comply with Defendants' discovery requests and this Court's order with respect thereto.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

        Respectfully submitted,

        s/Robert C. Mitchell_____
        ROBERT C. MITCHELL
        United States Magistrate Judge

Dated: March 23, 2012

cc:    Peter J. Fuchs, Jr.
       8 Chestnut Street
       West Middlesex, PA 16159